■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD GLOVER, Appellant. [600 NYS2d 562] —Judgment unanimously affirmed. Memorandum: At trial, defendant challenged the voluntariness of his confession. The burden is upon the People to establish voluntariness and, in the absence of circumstances involving physical force, voluntariness "may best be determined through an examination of the totality of the circumstances surrounding the confession" *(People v Kennedy,* 70 AD2d 181, 186). Thus, the trial court properly allowed testimony by the interrogating officer that he told defendant he disbelieved defendant's initial denial of participation in the burglaries because the officer possessed information from someone that two black males and a car "very similar" to defendant's car had been seen leaving the scene of the burglary. It was not hearsay because the testimony was not offered for its truth, but to establish the circumstances in which the statement was obtained, and to rebut defendant's argument that the officer coerced or fabricated defendant's statement.

There is no merit to defendant's contention that he should have been permitted to offer evidence of his witness' prior consistent statements. Because the cross-examination of the prosecutor did not raise the inference of recent fabrication, evidence of prior consistent statements was inadmissible *(see, People v McClean,* 69 NY2d 426, 428; *People v Davis,* 44 NY2d 269, 277; *People v Fagan,* 104 AD2d 252, 256, *affd* 66 NY2d 815).

Finally, the trial court was not required to conduct an independent inquiry to determine whether defendant was aware of his right to testify at trial and whether he waived that right *(see, People v Davis,* 190 AD2d 987; *People v Dougherty,* 190 AD2d 989; *People v Doe,* 186 AD2d 1036, *lv denied* 81 NY2d 788). (Appeal from Judgment of Monroe County Court, Connell, J.—Burglary, 3rd Degree.) Present—Green, J. P., Pine, Lawton, Boomer and Boehm, JJ.