■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY WILLIAMS, Appellant. [648 NYS2d 62] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of reckless endangerment in the first degree (Penal Law § 120.25) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). Defendant contends that County Court's failure to give correct and complete limiting instructions on the prior bad act evidence introduced by the People denied him his constitutional right to a fair trial. Because defendant failed to object to the court's instructions, that issue has not been preserved for our review (*see,* CPL 470.05 [2]; *People v Mediak,* 217 AD2d 961, 962, *lv denied* 87 NY2d 848). In any event, when read as a whole, the limiting instructions correctly conveyed the proper legal standard (*see, People v Beam,* 57 NY2d 241, 250). The court properly instructed the jury that the testimony about the prior bad acts was offered for the limited purpose of proving motive or intent and not for the purpose of proving that defendant had a criminal propensity (*see, People v Alvino,* 71 NY2d 233, 241-242; *People v Ventimiglia,* 52 NY2d 350, 359; *People v Molineux,* 168 NY 264, 293; *People v Heath,* 175 AD2d 562, 563).

The court did not abuse its discretion in denying defendant's application for youthful offender treatment (*see, People v Smalls,* 219 AD2d 865). We conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, Drury, J.—Reckless Endangerment, 1st Degree.) Present—Denman, P. J., Lawton, Wesley, Callahan and Balio, JJ.