■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO PEREZ, Appellant. [779 NYS2d 584]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered July 24, 2002, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court improperly admitted hearsay testimony which implied that a nontestifying witness implicated him in a murder, depriving him of his constitutional right to confront the witnesses against him. Although the defendant objected to the testimony at issue, he did not specify the ground now raised on appeal. Therefore, the issue of whether he was deprived of his right of confrontation is unpreserved for appellate review (*see* CPL 470.05; *People v Fleming*, 70 NY2d 947 [1988]; *People v Hughes*, 251 AD2d 513 [1998]).

In any event, the testimony at issue was properly admitted into evidence not for its truth, but to explain why the defendant confessed to the police when he did (*see People v Reynoso*, 2 NY3d 820 [2004]). The trial court erred in refusing to give a limiting instruction explaining that the testimony was not admitted for its truth but was "only offered to show that the police confronted [the defendant] with it, and his reaction to it." However, the error in refusing to give a limiting instruction was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]). H. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.