THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMMEL LEWIS, Appellant. (Appeal No. 1.) [782 NYS2d 321]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered March 8, 2001. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree, assault in the first degree, robbery in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, assault in the first degree (Penal Law § 120.10 [1]) and robbery in the first degree (§ 160.15 [2]). In appeal No. 2, defendant appeals from a judgment convicting him upon a jury verdict of two counts of murder in the second degree (§ 125.25 [3]), and one count each of robbery in the first degree (§ 160.15 [2]) and attempted robbery in the first degree (§§ 110.00, 160.15 [2]). With respect to appeal No. 1, defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve for our review his contentions that the plea was not knowingly, voluntarily or intelligently entered because he did not understand the consequences of pleading guilty without a sentencing promise and was not aware that his sentence would be followed by a period of postrelease supervision (*see People v White*, 296 AD2d 867 [2002], *lv denied* 99 NY2d 540 [2002]; *People v Shumway*, 295 AD2d 916, 917 [2002]; *see generally People v Spivey*, 9 AD3d 886 [2004]; *People v Clark*, 9 AD3d 895 [2004]). To the extent, if any, that defendant's contention in appeal No. 1 concerning the alleged ineffective assistance of counsel is properly before us (*see People v Sherman*, 8 AD3d 1026 [2004]), we conclude that defendant received meaningful representation during the plea process (*see People v Ford*, 86 NY2d 397, 404 [1995]; *Sherman*, 8 AD3d 1026 [2004]).

Contrary to defendant's contention in appeal No. 2, County Court properly allowed two officers to testify that they had informed defendant during interrogation that his codefendant had implicated him in the crimes and that there were witnesses who had identified him at the crime scene. Although the codefendant's statement to the officers was testimonial (*see generally Crawford v Washington*, 541 US 36, —, 124 S Ct 1354, 1365 [2004]; *People v Newland*, 6 AD3d 330 [2004]), it was not offered for the truth of the facts asserted therein, but was instead offered to set forth the circumstances in which defendant admitted his culpability after initially denying all involvement in the crimes (*see People v Reynoso*, 2 NY3d 820 [2004]; *People v Perez*, 9 AD3d 376 [2004]; *People v Glover*, 195 AD2d 999 [1993], *lv denied* 82 NY2d 849 [1993]). Thus, the use of the statement did not violate the Confrontation Clause (*see Reynoso*, 2 NY3d at 821, quoting *Crawford*, 541 US at — n 9, 124 S Ct at 1369 n 9; *Perez*, 9 AD3d at 377). Moreover, the court gave appropriate limiting instructions to the jury each of the three times that the issue of the codefendant's statement arose, and it

is presumed that the jury followed those instructions (*see People v Rojas*, 278 AD2d 821 [2000], *affd* 97 NY2d 32 [2001]; *People v Walker*, 293 AD2d 411 [2002], *lv denied* 98 NY2d 682 [2002]). Because defendant did not request any further instructions after the limiting instructions were given, his present contention that the limiting instructions were inadequate is not preserved for our review (*see People v Huck*, 1 AD3d 935, 936 [2003]; *see also People v Staton*, 124 AD2d 687 [1986], *lv denied* 69 NY2d 750 [1987]). Finally, we conclude that defendant received meaningful representation at trial (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Martoche, JJ.