THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE M. MCMILLON, JR., Appellant. [909 NYS2d 267]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered February 26, 2009. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]), defendant contends that County Court erred in denying his request for an adverse inference charge concerning the failure of the police to record defendant's interrogation. " '[T]his Court has repeatedly determined . . . that the failure to record a defendant's interrogation electronically does not constitute a denial of due process' . . . , and thus an adverse inference charge was not warranted" (*People v Holloway*, 71 AD3d 1486, 1487 [2010]; *see People v Hammons*, 68 AD3d 1800 [2009], *lv denied* 14 NY3d 801 [2010]). Defendant's reliance on cases involving lost or destroyed evidence and missing witnesses is misplaced (*see e.g. People v Joseph*, 86 NY2d 565, 572 [1995]; *People v Gonzalez*, 68 NY2d 424 [1986]). In those cases, it was established that there was in fact evidence that was not presented at trial. Here, however, the evidence at issue, an electronic recording of defendant's interrogation, never existed, nor were the police obligated to create such a recording.

Defendant failed to preserve for our review his further contention that he was deprived of his constitutional right to confront witnesses against him when the court allowed a police officer to testify that he confronted defendant with evidence that other

witnesses had placed defendant at the scene of the homicide. "Although the defendant objected to the testimony at issue, he did not specify the ground now raised on appeal. Therefore, the issue of whether he was deprived of his right of confrontation is unpreserved for appellate review" (*People v Perez*, 9 AD3d 376, 377 [2004], *lv denied* 3 NY3d 710 [2004]; *see People v Rivera*, 33 AD3d 450, 450-451 [2006], *lv denied* 7 NY3d 928 [2006]; *People v Mack*, 14 AD3d 517 [2005], *lv denied* 4 NY3d 833 [2005]). To the extent that defendant contends that the court erred in failing to issue a limiting instruction with respect to that testimony, we conclude that defendant likewise failed to preserve that contention for our review (*see People v Martin*, 58 AD3d 519 [2009], *lv denied* 12 NY3d 818 [2009]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, the appellate court must give '[g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Harris*, 15 AD3d 966, 967 [2005], *lv denied* 4 NY3d 831 [2005], quoting *Bleakley*, 69 NY2d at 495). Indeed, a jury is able to "assess [the] credibility and reliability [of the witnesses] in a manner that is far superior to that of reviewing judges[,] who must rely on the printed record" (*People v Lane*, 7 NY3d 888, 890 [2006]). Here, although a finding that defendant was not the shooter would not have been unreasonable given the lack of physical evidence and the questionable reliability of the People's witnesses who implicated defendant, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495). Present—Martoche, J.P., Carni, Green, Pine and Gorski, JJ.