# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**951**

**KA 07-02656**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

ROBERT DAVIS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered May 21, 2007. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (two counts), kidnapping in the second degree, criminal sexual act in the first degree, sexual abuse in the first degree and robbery in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, two counts of rape in the first degree (Penal Law § 130.35 [1]). The indictment charged defendant with crimes arising from an incident in August 2005 involving one victim and a second incident in April 2006 involving a different victim. At defendant's request, Supreme Court severed the counts relating to the August 2005 incident from those relating to the April 2006 incident and granted separate trials. Defendant contends that dismissal of the indictment, rather than severance, was the appropriate remedy for the "misjoinder" of the unrelated charges relating to each incident. We reject that contention. We conclude that this case does not involve "misjoinder," i.e., the improper joinder of unrelated charges in a single indictment (*see generally People v Craig*, 192 AD2d 323, *lv denied* 81 NY2d 1011, 1012; *People v Gadsden*, 139 AD2d 925, 925-926). Pursuant to CPL 200.20 (1), "[a]n indictment must charge at least one crime and may, in addition, charge in separate counts one or more other offenses . . . provided that all such offenses are joinable pursuant to [CPL 200.20 (2)]." Here, charges pertaining to the August 2005 incident were properly joined with those pertaining to the April 2006 incident because the "offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]),

despite the fact that they involve different victims (*see People v Clark*, 24 AD3d 1225, *lv denied* 6 NY3d 832; *People v Nickel*, 14 AD3d 869, 870, *lv denied* 4 NY3d 834; *see also People v Burton*, 83 AD3d 1562).

Although defendant contends that dismissal of the indictment is warranted because he was potentially prejudiced by the submission to the grand jury of charges concerning two unrelated incidents, we note that such potential for prejudice is always present when charges are joined pursuant to CPL 200.20 (2) (c) (*see Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, Penal Law § 200.20*). Thus, CPL 200.20 (3) vests the court with the authority to order a severance based on potential prejudice, i.e., where "there is a substantial likelihood that the jury would be unable to consider separately the proof as it relates to each offense" (CPL 200.20 [3] [a]; *see People v Pierce*, 14 NY3d 564, 573). Here, the court granted severance pursuant to CPL 200.20 (3) (a), and we conclude that the circumstances of this case do not warrant the " 'exceptional remedy of dismissal' " of the indictment (*People v Workman*, 277 AD2d 1029, 1031, *lv denied* 96 NY2d 764, quoting *People v Huston*, 88 NY2d 400, 409; *see also People v Ramirez*, 298 AD2d 413, *lv denied* 99 NY2d 563).

Alternatively, defendant contends that the indictment should be dismissed because the prosecutor failed to instruct the grand jury to consider the August 2005 and April 2006 incidents separately. Defendant failed to preserve that contention for our review inasmuch as he failed to set forth that specific ground in that part of his omnibus motion seeking to dismiss the indictment (*see generally People v Becoats*, 71 AD3d 1578, 1579, *lv denied* 15 NY3d 849; *People v Gross*, 71 AD3d 1526, 1527, *lv denied* 15 NY3d 774; *People v Beyor*, 272 AD2d 929, *lv denied* 95 NY2d 832). Further, after the court inspected the grand jury minutes and advised defendant that the prosecutor failed to give a limiting instruction with respect to the two incidents, defendant did not thereafter challenge the prosecutor's instructions (*see People v Brown*, 81 NY2d 798). In any event, any deficiency in the grand jury instructions did not impair the integrity of the grand jury proceeding so as to require dismissal of the indictment (*see generally People v Walton*, 70 AD3d 871, 874-875, *lv denied* 14 NY3d 894; *People v Woodring*, 48 AD3d 1273, 1275-1276, *lv denied* 10 NY3d 846).

Contrary to the further contention of defendant, we conclude that the court properly quashed his subpoena duces tecum seeking DNA evidence pertaining to a suspect who had been excluded by the police. The subpoena in question ordered the State Division of Criminal Justice Services to produce "a certified copy of the DNA Databank submission form [and] DNA analysis" concerning that suspect. Inasmuch as defendant sought "DNA records contained in the state DNA identification index," the release of those records is governed by Executive Law § 995-c (6). Section 995-c (6) (b) permits the release of DNA records "for criminal defense purposes, to a defendant or his or her representative, who shall also have access to samples and analyses performed *in connection with the case in which such defendant is charged*" (emphasis added). The DNA records sought by defendant do

not qualify for release pursuant to that statute because the suspect's samples were not obtained nor were any analyses thereon performed "in connection with the case in which . . . defendant is charged" (§ 995-c [6] [b]; *see People v Days*, 31 Misc 3d 586, 589-590). The DNA records concerning the suspect predated the investigation and prosecution of the crimes at issue. Indeed, when the police ran the DNA obtained from the instant crimes through the state DNA databank, there was no indication that the suspect was a match.

Even assuming, arguendo, that disclosure of those DNA records was permissible pursuant to Executive Law § 995-c, we conclude that defendant failed to set forth a sufficient factual predicate to support the subpoena (*see generally People v Reddick*, 43 AD3d 1334, 1335, *lv denied* 10 NY3d 815). The individual in question was initially identified as a suspect because his neighbor informed the police that he matched the physical description provided by the victim. Thereafter, the investigation focused on defendant, who admitted to the police that he was at the bar where the victim had been working on the night of the April 2006 incident and that he engaged in consensual sex with the victim. The victim identified the bar patron as her assailant. The police subsequently determined that the DNA profile of defendant matched DNA found on the victim's mouth and vaginal area, as well as DNA taken from a glass found at the bar. In support of the subpoena, defendant relied on the fact that DNA from an unknown male was found on the straw inside that glass. Evidence establishing that such DNA belonged to the suspect would not tend to exculpate defendant, in light of his admissions and evidence concerning his own DNA. Thus, defendant's subpoena request amounted to nothing more than a "fishing expedition" (*People v Kozlowski*, 11 NY3d 223, 242, *rearg denied* 11 NY3d 904, 905, *cert denied* ___ US ___, 129 S Ct 2775).

We reject the contention of defendant that the court erred in allowing police witnesses to testify that he changed his statement concerning the incident after being confronted with information allegedly provided by his wife. To the extent that defendant contends that such testimony deprived him of his right of confrontation, that contention is unpreserved for our review inasmuch as he did not object to the testimony on that ground (*see People v McMillon*, 77 AD3d 1375, *lv denied* 16 NY3d 897; *People v Johnson*, 40 AD3d 1011, *lv denied* 9 NY3d 923; *People v Perez*, 9 AD3d 376, *lv denied* 3 NY3d 710). In any event, " '[t]he [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted' " (*People v Reynoso*, 2 NY3d 820, 821, quoting *Crawford v Washington*, 541 US 36, 59 n 9). Here, the testimony was properly admitted in evidence to explain why defendant made certain admissions to the police after first professing his ignorance of the incident and then denying his presence at the crime scene (*see People v Lewis*, 11 AD3d 954, 955, *lv denied* 3 NY3d 758; *Perez*, 9 AD3d 376; *People v Glover*, 195 AD2d 999, *lv denied* 82 NY2d 849). "Moreover, the court gave appropriate limiting instructions to the jury each . . . time[ such testimony was given], and it is presumed that the jury followed those instructions" (*Lewis*, 11 AD3d at 955-956; *see People v McNeil*, 63 AD3d 551, 552, *lv denied* 13 NY3d 861; *Johnson*, 40 AD3d

1011).

     Contrary to the further contention of defendant, the court did
not abuse its discretion in admitting in evidence a recording of the
911 call made by the victim.  The court concluded that the 911 call
was admissible as an excited utterance because it was made while the
victim remained "under the influence of an exciting event," and there
is no basis in the record to disturb that determination (*see People v
Jefferson*, 26 AD3d 798, 799, *lv denied* 6 NY3d 895; *People v Strong*, 17
AD3d 1121, *lv denied* 5 NY3d 795).

     Finally, in light of the heinous nature of the crimes at issue
and defendant's lengthy criminal history, we conclude that the
sentence, which we note is reduced by operation of law (*see* Penal Law
§ 70.30 [1] [e] [vi]), is not unduly harsh or severe.

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court