# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

562

KA 11-01413

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

MOHAMED A. MOHAMED, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered March 28, 2011. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that the conviction is not supported by legally sufficient evidence. As defendant correctly concedes, his challenge to the legal sufficiency of the evidence is not preserved for our review because he failed to renew his motion for a trial order of dismissal at the close of his proof (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, his contention lacks merit.

Defendant does not dispute that the victim sustained physical injuries after he was assaulted with a blunt object by two men. Defendant also does not dispute that one of the two assailants was his brother. The only issue at trial was the identity of the second assailant. The victim was unable to identify the second assailant, testifying on the issue of identity only that the two assailants spoke to each other in Arabic. The prosecution, however, offered the testimony of an accomplice, defendant's former girlfriend. She testified that, earlier on the night of the assault, defendant and his brother had been involved in a bar fight with the victim and friends of the victim, following which defendant's brother sustained injuries. The accomplice testified that she left the bar with defendant and his brother. The two men asked her to invite the victim, with whom she was familiar, to her house. Once the victim arrived, defendant and his brother assaulted the victim.

Contrary to defendant's contention, the accomplice's testimony was sufficiently corroborated. " '[C]orroborative evidence need not show the commission of the crime; it need not show that defendant was connected with the commission of the crime. It is enough if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth' " (*People v Reome*, 15 NY3d 188, 191-192). Numerous prosecution witnesses testified concerning the bar fight between the two groups of men. In addition, the accomplice's cousin testified that she saw the accomplice leave the bar with defendant and his brother shortly before the assault occurred. Telephone records establish that the accomplice contacted the victim several times shortly before the assault occurred. We thus conclude that there was sufficient evidence " 'to connect the defendant with the commission of the crime' " (*id.* at 192).

We likewise reject defendant's contention that the verdict is against the weight of the evidence. Any inconsistencies in the testimony did not render the accomplice's testimony "incredible and unbelievable, that is, impossible of belief because it [was] manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Wallace*, 306 AD2d 802, 802-803 [internal quotation marks omitted]; *see People v Young*, 55 AD3d 1234, 1235-1236, *lv denied* 11 NY3d 901). Furthermore, "[w]here, as here, witness credibility is of paramount importance to the determination of guilt or innocence, the appellate court must give '[g]reat deference . . . [to the jury's] opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Harris*, 15 AD3d 966, 967, *lv denied* 4 NY3d 831, quoting *People v Bleakley*, 69 NY2d 490, 495; *see People v Kilbury*, 83 AD3d 1579, 1580, *lv denied* 17 NY3d 860).

The entire case rested on whether the jury credited the testimony of the accomplice and her cousin, which placed defendant with his brother at all relevant times that evening. "[A]lthough a finding that defendant was not the [second assailant] would not have been unreasonable given the lack of physical evidence and the questionable reliability of the [accomplice] who implicated defendant, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v McMillon*, 77 AD3d 1375, 1376, *lv denied* 16 NY3d 897).

Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we reject defendant's contention that he was denied effective assistance of counsel (*see generally People v Flores*, 84 NY2d 184, 187; *People v Baldi*, 54 NY2d 137, 147), and we further conclude that the sentence is not unduly harsh or severe.

Entered: April 20, 2012                                    Frances E. Cafarell
                                                           Clerk of the Court