# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

553

KA 11-00095

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ANTHONY C. JACKSON, JR., DEFENDANT-APPELLANT.

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.

CINDY F. INTSCHERT, DISTRICT ATTORNEY, WATERTOWN (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered December 14, 2010. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of one count each of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]), and two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]). The conviction arises out of defendant's sale of cocaine to a police informant on two separate occasions on a single day. Defendant rejected a plea offer that would have subjected him to a local sentence of one year in jail, and the matter proceeded to a trial that resulted in a hung jury. Defendant thereafter was convicted of the above crimes following a retrial.

We reject defendant's contention that County Court's pretrial *Molineux* ruling constitutes an abuse of discretion (*see People v Molineux*, 168 NY 264). The court thereby denied the People's request to admit evidence of a prior uncharged drug sale by defendant to the informant, but ruled that such evidence could be admitted if defendant opened the door to it at trial. Although evidence of the prior uncharged drug sale was not admitted at trial, defendant asserts that he would have testified if not for the court's improper conditional ruling. We conclude that the court's ruling was proper (*see People v Rojas*, 97 NY2d 32, 36-38; *People v Cimino*, 49 AD3d 1155, 1156, *lv denied* 10 NY3d 861; *People v Ortiz*, 259 AD2d 979, 980, *lv denied* 93

NY2d 1024).  We further conclude that the court properly allowed the People to introduce evidence at trial that defendant had offered to pay the informant $5,000 if the informant did not testify at the retrial.  It is well settled that "[e]vidence that a defendant attempted to procure false testimony or to corrupt a witness is generally admissible as evidence of consciousness of guilt" (*People v Violante*, 144 AD2d 995, 996, *lv denied* 73 NY2d 897, citing *People v Davis*, 43 NY2d 17, 26, *cert denied* 435 US 998, *rearg dismissed* 61 NY2d 670; *see People v Hendricks* [appeal No. 1], 4 AD3d 798, 799, *lv denied* 2 NY3d 800).

Defendant further contends that the court should have precluded three police officers from offering identification testimony at trial based on the People's failure to comply with the notice requirements of CPL 710.30.  That contention is unpreserved for our review (*see* CPL 470.05 [2]; *People v Pagan*, 248 AD2d 325, *affd* 93 NY2d 891), and in any event lacks merit.  CPL 710.30 applies to " 'in-court identifications predicated on earlier police-arranged confrontations between a defendant and an eyewitness, typically involving the use of lineups, showups or photographs, for the purpose of establishing the identity of the criminal actor' " (*People v Gee*, 286 AD2d 62, 72, *affd* 99 NY2d 158, *rearg denied* 99 NY2d 652, quoting *People v Gissendanner*, 48 NY2d 543, 552; *see generally People v Peterson*, 194 AD2d 124, 128, *lv denied* 83 NY2d 856).  Where, as here, "there has been no pretrial identification procedure and the defendant is identified in court for the first time, the defendant is not [thereby] deprived of a fair trial because [defendant] is able to explore weaknesses and suggestiveness of the identification in front of the jury" (*People v Madison*, 8 AD3d 956, 957, *lv denied* 3 NY3d 709 [internal quotation marks omitted]).

Defendant failed to preserve for our review his contention that the People improperly attempted to elicit identification testimony from a person present when the drug sales took place (*see* CPL 470.05 [2]).  We note in any event that the witness in question did not in fact make an in-court identification of defendant.  Defendant also failed to preserve for our review his contention that the court punished him for exercising his constitutional right to a trial by sentencing him to five years in prison rather than to the one year in jail offered during pretrial plea negotiations  (*see People v Brink*, 78 AD3d 1483, 1485, *lv denied* 16 NY3d 742, 828; *People v Dorn*, 71 AD3d 1523, 1523-1524).  In any event, as the Court of Appeals has noted, "a State may encourage a guilty plea by offering substantial benefits, notwithstanding the fact that every such instance is bound to have the concomitant effect of discouraging a defendant's assertion of his trial rights" (*People v Pena*, 50 NY2d 400, 411-412, *rearg denied* 51 NY2d 770, *cert denied* 449 US 1087).  Here, our "review of the record shows no retaliation or vindictiveness against the defendant for electing to proceed to trial" (*People v Shaw*, 124 AD2d 686, 686, *lv denied* 69 NY2d 750).  Nor is the sentence unduly harsh or severe. Although the court could have imposed consecutive sentences totaling 19 years of imprisonment on the two counts of criminal sale of a controlled substance, the court instead imposed concurrent sentences

with a maximum of 5 years of imprisonment.  We also note that defendant refused to accept responsibility for his crimes and that, while these charges were pending, he was convicted of other criminal charges in Bronx County.

We further conclude that the court did not err in allowing the People to introduce audio recordings of the controlled buys.  Although portions of the recordings are less than clear, they are not "so inaudible and indistinct that the jury would have to speculate concerning [their] contents" and would not learn anything relevant from them (*People v Cleveland*, 273 AD2d 787, 788, *lv denied* 95 NY2d 864; *see People v Rivera*, 257 AD2d 172, 176, *affd* 94 NY2d 908). Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered:  April 27, 2012                          Frances E. Cafarell
                                                  Clerk of the Court