# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1177**

**KA 12-00727**

PRESENT: SMITH, J.P., CENTRA, FAHEY, CARNI, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

PAUL A. COLLEN, ALSO KNOWN AS ALLEN COLLEN,
DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (JOHN E. TYO OF COUNSEL),
FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (HEATHER PARKER
HINES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered October 26, 2011. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the second degree (Penal Law § 120.05 [12]). Although we agree with defendant that it was improper for the prosecutor to elicit testimony regarding whether defendant agreed to give the police a written statement concerning the incident (*see People v De George*, 73 NY2d 614, 619), we conclude that County Court gave prompt curative instructions sufficient to cure any prejudice to defendant (*see generally People v Foster*, 101 AD3d 1668, 1670, *lv denied* 15 NY3d 750).

Contrary to the further contention of defendant, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The victim and other witnesses testified that defendant punched the victim without provocation, and defendant is the only person to have testified to the contrary. In resolving issues of witness credibility, we give great deference to the jury's opportunity to view the witnesses, hear the testimony and observe demeanor, and it cannot be said that the jury here failed to give the evidence the weight it should be accorded (*see People v Mohamed*, 94 AD3d 1462, 1464, *lv denied* 19 NY3d 999, *reconsideration denied* 20 NY3d 934).

Finally, we reject defendant's challenge to the severity of the sentence.