# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1315

KA 09-01799

PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

EVERETT M. DURANT, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMANDA L. DREHER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered June 10, 2009. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the second degree (Penal Law § 160.10 [1]). Viewing the evidence in light of the contested element of larcenous intent as charged to the jury (*see generally People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, the appellate court must give [g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v McMillon*, 77 AD3d 1375, 1376, *lv denied* 16 NY3d 897 [internal quotation marks omitted]). While a finding that defendant did not have the requisite intent would not have been unreasonable, "it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*id.*). The victim testified that defendant stole his wallet during a group assault on him, and the People presented evidence establishing that defendant "knowingly participated and continued to participate even after his companion[s'] intentions [to take the victim's cell phone] became clear" and thus "shared a 'community of purpose' with his companion[s]" (*People v Allah*, 71 NY2d 830, 832). Contrary to defendant's further contention, County Court properly denied his request for an adverse inference charge concerning the failure of the police to record his interrogation electronically (*see McMillon*, 77

AD3d at 1375; *People v Hammons*, 68 AD3d 1800, 1801, *lv denied* 14 NY3d 801).

Entered:  December 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court