People v West (2019 NY Slip Op 04571)





People v West


2019 NY Slip Op 04571


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND TROUTMAN, JJ.


549 KA 15-01196

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDON WEST, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered March 19, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant correctly concedes that he failed to preserve for our review his further contention that the prosecutor's reference to a codefendant's statement violated the Confrontation Clause (see People v Dennis, 91 AD3d 1277, 1278 [4th Dept 2012], lv denied 19 NY3d 995 [2012]). In any event, that contention lacks merit. Although the statement was testimonial, it was not offered for the truth of the matters asserted therein, but was instead offered to provide context for defendant's response to that statement (see People v Lewis, 11 AD3d 954, 955 [4th Dept 2004], lv denied 3 NY3d 758 [2004]; see generally People v Garcia, 25 NY3d 77, 85-86 [2015]). Contrary to defendant's contention, defense counsel was not ineffective in failing to object to the reference to the codefendant's statement because any such objection would have had "little or no chance of success" (People v Harris, 147 AD3d 1328, 1330 [4th Dept 2017] [internal quotation marks omitted]).
The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court