People v Feliciano (2021 NY Slip Op 04289)





People v Feliciano


2021 NY Slip Op 04289


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


98 KA 19-00091

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN C. FELICIANO, DEFENDANT-APPELLANT. 






PAUL B. WATKINS, FAIRPORT, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered December 21, 2018. The judgment convicted defendant upon a jury verdict of predatory sexual assault against a child (two counts), course of sexual conduct against a child in the first degree, rape in the first degree, criminal sexual act in the first degree and criminal sexual act in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of course of sexual conduct against a child in the first degree and rape in the first degree and dismissing counts two and four of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of predatory sexual assault against a child (Penal Law § 130.96) and one count each of course of sexual conduct against a child in the first degree (§ 130.75 [1] [b]), rape in the first degree (§ 130.35 [4]), criminal sexual act in the first degree (§ 130.50 [1]), and criminal sexual act in the second degree
(§ 130.45 [1]). Defendant failed to preserve for our review his contention that County Court erred in admitting in evidence photographs depicting the victim at several different ages (see CPL 470.05 [2]; People v Mandes, 168 AD3d 764, 765 [2d Dept 2019], lv denied 33 NY3d 950 [2019]). In any event, most of the photographs, which were neither inflammatory nor prejudicial, were relevant to illustrate the victim's age at the time the crimes occurred and to demonstrate her changing physical appearance during the time periods in question (see People v Khan, 88 AD3d 1014, 1015 [2d Dept 2011], lv denied 18 NY3d 884 [2012]) and, even assuming, arguendo, that the court erred in admitting certain photographs due to their lack of probative value, we conclude that any error is harmless (see People v Marra, 96 AD3d 1623, 1626 [4th Dept 2012], affd 21 NY3d 979 [2013]; People v Murray, 140 AD2d 949, 950 [4th Dept 1988], lv denied 72 NY2d 960 [1988]). Furthermore, defendant was not deprived of effective assistance of counsel by defense counsel's failure to object to those photographs (see People v Lundy, 178 AD3d 1389, 1390 [4th Dept 2019], lv denied 35 NY3d 994 [2020]; People v Lowery, 158 AD3d 1179, 1180 [4th Dept 2018], lv denied 31 NY3d 1119 [2018]).
Contrary to defendant's contentions, the court did not err in permitting the prosecution to elicit Molineux evidence that defendant had additional sexual contact with the victim both before and after the events charged in the indictment. Initially, we note that the record belies defendant's contention that the People failed to provide notice of their intent to introduce evidence regarding defendant's attacks on the victim after the events charged in the indictment. With respect to the merits, the victim's testimony concerning uncharged acts of sexual abuse was properly admitted " 'to complete the narrative of the events charged in the indictment . . . , and [to] provide[] necessary background information' " (People v Workman, 56 AD3d 1155, 1156 [4th Dept 2008], lv denied 12 NY3d 789 [2009]; see People v Griffin, 111 AD3d 1413, 1414-1415 [4th Dept 2013], lv denied 23 NY3d 1037 [2014]). In addition, such evidence was [*2]relevant to the forcible compulsion element of the criminal sexual act counts and to explain the victim's delay in disclosing the charged crimes and the timing of her disclosure (see People v Brown, 128 AD3d 1183, 1184-1186 [3d Dept 2015], lv denied 27 NY3d 993 [2016]; see generally People v Leeson, 12 NY3d 823, 826-827 [2009]). Moreover, the probative value of that evidence outweighed its potential for prejudice (see People v Elmore, 175 AD3d 1003, 1004 [4th Dept 2019], lv denied 34 NY3d 1158 [2020]), and the court's limiting instructions minimized any prejudice to defendant (see Workman, 56 AD3d at 1157; see also Griffin, 111 AD3d at 1415). Although defendant further contends that the court was required to give a limiting instruction to the jury immediately after the victim testified about the subsequent bad acts, defendant failed to seek such an additional instruction and failed to object to the instructions that were given, and thus "that issue has not been preserved for our review" (People v Williams, 231 AD2d 868, 868 [4th Dept 1996], lv denied 89 NY2d 868 [1996]; see generally People v Hymes, 34 NY3d 1178, 1179 [2020]). In any event, in light of defendant's failure to request an additional instruction, to seek a mistrial, or to object to the instructions that were given, we conclude that the instructions that were given " 'must be deemed to have corrected the [alleged] error to the defendant's satisfaction' " (People v Lane, 106 AD3d 1478, 1480-1481 [4th Dept 2013], lv denied 21 NY3d 1043 [2013], quoting People v Heide, 84 NY2d 943, 944 [1994]).
Defendant also contends that the court erred in its handling of a jury note requesting a readback of the court's instructions concerning the criminal sexual act counts, i.e., counts five and six of the indictment. During the court's readback, the court eliminated certain parts of the statutory definition of oral sexual conduct that had been included in the original instruction. "The court has discretion to respond as it deems proper to an inquiry by a deliberating jury . . . , provided that the supplemental instruction is a meaningful response to the jury's inquiry" (People v Williams, 277 AD2d 945, 945 [4th Dept 2000], lv denied 96 NY2d 789 [2001]; see People v Malloy, 55 NY2d 296, 302 [1982], cert denied 459 US 847 [1982]). In determining whether the court's response constituted an abuse of discretion, "[t]he factors to be evaluated are the form of the jury's question . . . , the particular issue of which inquiry is made, the supplemental instruction actually given and the presence or absence of prejudice to the defendant" (Malloy, 55 NY2d at 302; see People v Taylor, 26 NY3d 217, 224 [2015]). Here, the court merely eliminated certain parts of the statutory definition of oral sexual conduct that did not apply to the allegations against defendant (see Penal Law § 130.00 [2] [a]). Consequently, we conclude that "the court's supplemental instruction, viewed together with the court's main charge, adequately conveyed the applicable principles of law to the jury and was a meaningful response to the jury's inquiry" (People v Smith, 21 AD3d 1277, 1278 [4th Dept 2005], lv denied 7 NY3d 763 [2006]; see generally Malloy, 55 NY2d at 301-302).
As the People correctly concede, counts two and four of the indictment, charging defendant with course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and rape in the first degree (§ 130.35 [4]), respectively, must be dismissed inasmuch as they are inclusory concurrent counts of counts one and three, respectively, charging defendant with predatory sexual assault against a child (§ 130.96) (see People v Scott, 61 AD3d 1348, 1349 [4th Dept 2009], lv denied 12 NY3d 920 [2009], reconsideration denied 13 NY3d 799 [2009]; see also People v Lancaster, 143 AD3d 1046, 1053 [3d Dept 2016], lv denied 28 NY3d 1147 [2017], reconsideration denied 29 NY3d 999 [2017]; People v Slishevsky, 97 AD3d 1148, 1151 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]). We therefore modify the judgment accordingly.
Defendant further contends that the conviction is not supported by legally sufficient evidence that the crimes occurred during the time periods specified in the indictment. Although defendant raised that challenge with respect to some of the counts, he failed to raise it with respect to the criminal sexual act counts and, as a result, failed to preserve his contention for our review with respect to those two counts (see People v Owens, 149 AD3d 1561, 1562 [4th Dept 2017], lv denied 30 NY3d 982 [2017]; see generally People v Gray, 86 NY2d 10, 19 [1995]). In any event, we conclude that the evidence is legally sufficient to support defendant's conviction with respect to each of the remaining counts, i.e., counts one and three, charging predatory sexual assault against a child, count five, charging criminal sexual act in the first degree, and count six, charging criminal sexual act in the second degree (see Owens, 149 AD3d at 1562; People v Lawrence, 81 AD3d 1326, 1327 [4th Dept 2011], lv denied 17 NY3d 797 [2011]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Additionally, viewing the evidence in light of the elements of those crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [*3][2007]), we reject defendant's contention that the verdict is against the weight of the evidence with respect thereto (see generally Bleakley, 69 NY2d at 495).
Finally, defendant contends that the court relied on improper evidence at sentencing. We reject that contention. With respect to defendant's specific contention that the court erred in relying on evidence that there was another victim, we note that defendant had previously pleaded guilty to a sexual offense related to that victim, and it is well settled that, "[u]nder its discretionary sentencing power, a court may properly consider evidence of prior crimes" (People v Naranjo, 89 NY2d 1047, 1049 [1997]). With respect to defendant's specific contention that the court relied on biased and inaccurate information in the presentence report, the record establishes that the court redacted the information that it considered unreliable from the report and did not rely on any materially untrue assumptions or misinformation (cf. People v Bratcher, 291 AD2d 878, 879 [4th Dept 2002], lv denied 98 NY2d 673 [2002]; see generally People v Outley, 80 NY2d 702, 712 [1993]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court