People v Coley (2023 NY Slip Op 04855)

People v Coley

2023 NY Slip Op 04855

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, GREENWOOD, AND DELCONTE, JJ.

621 KA 15-00164

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAYQUANE T. COLEY, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered September 16, 2014. The judgment convicted defendant upon a jury verdict of murder in the second degree, attempted murder in the second degree, assault in the second degree, and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), attempted murder in the second degree (§§ 110.00, 125.25 [1]), assault in the second degree (§ 120.05 [6]), and criminal possession of a weapon in the second degree (§ 265.03 [3]), stemming from defendant shooting one victim and shooting and killing a second victim during a purported drug transaction. Defendant contacted the first victim to purchase marihuana and, when the two victims arrived in a vehicle at the scheduled location, defendant entered the back seat of the vehicle and shot the victims.
Defendant contends that his right to confrontation was violated when Supreme Court denied his motion to preclude reference to statements made by the codefendant. The codefendant told the investigators that, inter alia, he gave defendant a gun before defendant entered the victims' vehicle. The investigators confronted defendant with those statements during their interview with defendant, and a recording of that interview was introduced in evidence. We agree with defendant that the court erred in denying the motion. " '[T]he [Confrontation] Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted' " (People v Reynoso, 2 NY3d 820, 821 [2004]). In opposing the motion, the People argued, and the court agreed, that the codefendant's statements were admissible for the nonhearsay purpose of showing the state of mind of the investigators, specifically, that the investigators wanted to get defendant to admit to something (see generally id.). But there was no reason to show the investigators' state of mind when they were questioning defendant using the codefendant's statements; their state of mind was simply not relevant to any issue in the case. Unlike in Reynoso, nothing was said by defense counsel during opening statements that required the jury to consider the investigators' state of mind when using the codefendant's statements (cf. People v Reynoso, 309 AD2d 769, 770-771 [2d Dept 2003], affd 2 NY3d 820 [2004]). In addition, contrary to the further contention of the People, the codefendant's statements were not relevant to show the circumstances surrounding the interrogation and why the interrogation proceeded because at trial the defense did not raise issues concerning the voluntariness of defendant's statement or the length or circumstances of the interrogation (cf. People v Glover, 195 AD2d 999, 999 [4th Dept 1993], lv denied 82 NY2d 849 [1993]). In addition, unlike in the other cases cited by the court, defendant here did not make any further admissions after being confronted with the codefendant's statements (cf. People v Davis, 87 AD3d 1332, 1335 [4th Dept 2011], lv denied 18 NY3d 858 [2011], reconsideration denied 18 NY3d 956 [2012]; People v Lewis, 11 AD3d 954, 955 [4th Dept 2004], lv denied 3 NY3d 758 [*2][2004]). Here, after being confronted with the codefendant's statements, defendant simply stated that the codefendant was lying.
We therefore conclude that the court erred in denying the motion inasmuch as no relevant nonhearsay purpose for introducing the codefendant's statements was identified (see People v McEaddy, 41 AD3d 877, 879 [3d Dept 2007]). We nevertheless conclude that the error is harmless (see People v Douglas, 4 NY3d 777, 779 [2005]; People v Green, 43 AD3d 1279, 1280-1281 [4th Dept 2007], lv denied 9 NY3d 1034 [2008]). The evidence was overwhelming, and there was no reasonable possibility that the error contributed to the conviction (see generally People v Crimmins, 36 NY2d 230, 237 [1975]). In addition to the testimony of the first victim, who identified defendant as the person who shot him and the second victim, there was surveillance video showing a man entering and exiting the victims' vehicle, and defendant admitted to the investigators that he was the person depicted in the video entering and exiting the vehicle. Further, in a recorded jail call made shortly after his interview with the police, defendant told a third party that the police "have the video" and have "everything that happened."
Defendant next contends that the court erred in failing to comply with the procedure set forth in People v O'Rama (78 NY2d 270 [1991]) with respect to jury note No. 8 inasmuch as the court did not advise defense counsel of the note. We reject that contention. The note requested the first victim's written statement to an investigator, which was not admitted in evidence. Thus, "the note only necessitated the ministerial action of informing the jury that a requested item was not in evidence" (People v Williams, 142 AD3d 1360, 1362 [4th Dept 2016], lv denied 28 NY3d 1128 [2016]; see People v Edwards, 191 AD3d 1377, 1378 [4th Dept 2021], lv denied 36 NY3d 1119 [2021]), and the O'Rama procedure was not implicated because the request was ministerial in nature (see People v Nealon, 26 NY3d 152, 161 [2015]).
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court