People v Sanders (2025 NY Slip Op 03884)

People v Sanders

2025 NY Slip Op 03884

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

298 KA 22-00125

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VAUGHN SANDERS, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CASEY S. DUFFY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH A. DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered December 23, 2021. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts) and tampering with physical evidence. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him following a jury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), tampering with physical evidence (§ 215.40 [2]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [3]). The charges arose from defendant's alleged involvement in a shootout in Syracuse during which a codefendant fired 12 rounds of ammunition from a 9-millimeter firearm at a police officer, intending to cause the officer's death. The codefendant who fired at the police officer and another codefendant entered guilty pleas, but defendant rejected plea offers and went to trial, resulting in a guilty verdict on all counts of the indictment against him.
Defendant contends that County Court erred in allowing a police detective to offer his opinion at trial that defendant was the person depicted in two surveillance videos. According to defendant, the detective was no more qualified than the jurors to determine whether defendant was the person depicted in the videos (see People v Mosley, 41 NY3d 640, 649 [2024]). Defendant did not, however, object to the detective's opinion testimony; instead, he merely asked the court for a limiting instruction, which the court agreed to give, and which the court provided on multiple occasions. Because defendant requested no further relief after the limiting instructions were read to the jury, defendant failed to preserve his Mosley contention for our review (see generally People v Feliciano, 196 AD3d 1030, 1031 [4th Dept 2021], lv denied 37 NY3d 1059 [2021]; People v Lewis, 11 AD3d 954, 955-956 [4th Dept 2004], lv denied 3 NY3d 758 [2004]), and we decline to exercise our power to address that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
To the extent that defendant contends that the detective should have been precluded from offering identification testimony at trial because the People failed to provide notice of their intent to do so pursuant to CPL 710.30, we conclude that notice was not required because the detective did not identify defendant in a pretrial identification procedure (see People v Jackson, 94 AD3d 1559, 1560 [4th Dept 2012], lv denied 19 NY3d 1026 [2012]). CPL 710.30 applies to "in-court identifications predicated on earlier police-arranged confrontations between a defendant and an eyewitness, typically involving the use of lineups, showups or photographs, for the purpose of establishing the identity of the criminal actor" (People v Gissendanner, 48 NY2d 543, 552 [1979]), none of which occurred here.
Contrary to defendant's contention, the sentence is not unduly harsh or severe.
Defendant further contends that the court erred in denying his motion to dismiss the indictment on speedy trial grounds based on the People's failure to disclose police disciplinary records as required by CPL 245.20 (1). According to defendant, reversal is required because, as in People v Sumler (228 AD3d 1350, 1354 [4th Dept 2024]) and People v Rojas-Aponte (224 AD3d 1264, 1266 [4th Dept 2024]), the People used a screening panel of senior prosecutors to determine which police disciplinary records were related to the subject matter of the case, i.e., subject to discovery as impeachment material under CPL 245.20 (1) (k), and which police disciplinary matters did not relate to the subject matter of the case and thus not subject to automatic discovery. Although the People's use of a screening panel in this case is not permitted under our prior case law, we do not agree with defendant that he is necessarily entitled to dismissal under CPL 30.30.
Instead, we hold the case, reserve decision, and remit the matter to County Court for the court to determine whether the People withheld any police disciplinary records that relate to the subject matter of the case. If the court determines that there were disciplinary records subject to disclosure that were not turned over to the defense in a timely manner, then the court must determine whether the People exercised due diligence in locating and disclosing those records (see Sumler, 228 AD3d at 1354-1355; Rojas-Aponte, 224 AD3d at 1266; see also People v Bay, 41 NY3d 200, 213 [2023]). If, based on a finding of no due diligence, the court determines that the certificate of compliance is invalid and the People's statement of readiness is illusory, then the court must determine whether the time chargeable to the People under CPL 30.30 exceeds six months, which would require dismissal of the indictment on speedy trial grounds (see People v Mitchell, 228 AD3d 1250, 1257-1258 [4th Dept 2024]).
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court