People v Wilson (2025 NY Slip Op 07157)

People v Wilson

2025 NY Slip Op 07157

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

864 KA 22-01811

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vCHARLES H. WILSON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER, BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (James E. Walsh, Jr., J.), rendered June 23, 2022. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), arising from an incident in which police officers recovered weapons in the course of investigating a report that defendant had fired a gun at his wife while she was driving. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we reject defendant's contention that the evidence is not legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Further, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant failed to preserve for our review his contentions that the prosecutor improperly elicited hearsay testimony from a law enforcement witness regarding certain statements by and about defendant's wife, including her residence, ownership of the vehicle damaged by a gunshot, and the name of her husband (see People v Morman, 145 AD3d 1435, 1438 [4th Dept 2016], lv denied 29 NY3d 1044 [2014]) and that the admission of that testimony violated his right of confrontation (see People v Irvin, 111 AD3d 1294, 1295 [4th Dept 2013], lv denied 24 NY3d 1044 [2014], reconsideration denied 26 NY3d 930 [2015]; People v Davis, 87 AD3d 1332, 1334-1335 [4th Dept 2011], lv denied 18 NY3d 858 [2011], reconsideration denied 18 NY3d 956 [2012]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). With respect to defendant's contention that Supreme Court erred in admitting in evidence hearsay testimony that defendant's wife reported to police that she had been "shot at," we conclude that any such error was harmless (see People v Hernandez, 28 NY3d 1056, 1058 [2016]; People v Emanuel, 240 AD3d 1324, 1325 [4th Dept 2025], lv denied 44 NY3d 993 [2025]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]), particularly in light of the photographic and other evidence that the wife's vehicle had been struck by a bullet. Finally, we reject defendant's contention that he was denied effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 146-147 [1981]). We conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defendant received meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]; Baldi, 54 NY2d at 147).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court