■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN A. NURSE, Also Known as STEVEN SIMON, Appellant. —Judgment, Supreme Court, New York County (Michael Obus, J.), rendered October 4, 1989, convicting defendant after a jury trial of grand larceny in the fourth degree, and sentencing him as a second felony offender to an indeterminate prison term of from 2 to 4 years, unanimously affirmed.

Defendant was arrested immediately after he removed a pair of eyeglasses from the complainant's shoulder bag and handed them to his unapprehended accomplice. At the time, the complainant did not realize that anything had been taken from her; she merely felt someone bump into her and noticed that her bag was unzipped. However, two plainclothes police

officers had been following defendant and his accomplice for approximately fifteen minutes and had observed the entire incident.

Defendant claims that the trial court erred by allowing testimony regarding the officers' observations of defendant prior to the crime, and by failing to give limiting instructions with respect to this evidence. The observations consisted of defendant's erratic path through the crowd on the street, and the gestures and eye contact between defendant and his accomplice. The two men had repeatedly changed directions and pointed out different pocketbooks to each other; defendant then put his hands and face very close to several pocketbooks as if he were looking into them.

According to defendant, this testimony constituted evidence of uncharged crimes which should not have been admitted, and which required limiting instructions. Both of these claims are unpreserved by defendant's failure to except to the charge, and by his unspecified objection to the disputed testimony followed by an off-the-record side-bar *(People v Velasco,* 160 AD2d 170, *lv granted* 76 NY2d 797).

In any event, both arguments are without merit. The evidence of defendant's prior conduct was admissible, at the least, to show that he and his accomplice were acting in concert. Absent such testimony, the People could not have accounted for the fact that the stolen property was not found on defendant when he was arrested immediately after the theft *(People v Jackson,* 39 NY2d 64; *People v Witherspoon,* 156 AD2d 306, *affd* 77 NY2d 95). The testimony was also admissible to counter the defense that, due to the crowded condition on the street, the police had arrested the wrong man and were now lying to cover their mistake.

In addition, while it is generally the better practice to give limiting instructions explaining the purpose and use of such evidence, here no such request was made, nor was any exception taken to the charge, which as a whole properly instructed the jury as to the applicable legal principles. Concur—Carro, J. P., Milonas, Ellerin, Ross and Asch, JJ.