THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH E. DIXON, Appellant. [829 NYS2d 342]—

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered September 12, 2005. The judgment convicted defendant, upon his plea of guilty, of felony driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3]). Defendant contends that he was deprived of his right to testify before the grand jury because he was assigned an attorney after he had been indicted. We agree with the People that defendant did not provide a factual record sufficient to enable us to review his contention (see People v Kinchen, 60 NY2d 772, 773-774 [1983]; People v Harden, 6 AD3d 181, 182 [2004], lv denied 3 NY3d 641 [2004]). In any event, even assuming, arguendo, that defendant was without counsel when the matter was presented to the grand jury, we would nevertheless conclude that reversal is not required inasmuch as defendant did not seek dismissal of the indictment on the ground that he was deprived of his statutory right to testify before the grand jury (see generally People v Johnston, 178 AD2d 550, 551 [1991]; cf. People v Backman, 274 AD2d 432 [2000]). We also reject the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to make a motion pursuant to CPL 190.50 (5) (c). "That failure, 'without more, is insufficient to demonstrate ineffective assistance, particularly where[, as here, the] defendant fail[s] to demonstrate an absence of strategic or [other] legitimate reasons for [defense] counsel's failure to pursue this course of

action' " (*People v Hibbard*, 27 AD3d 1196, 1197 [2006], *lv denied* 7 NY3d 790 [2006]; *see People v Rojas*, 29 AD3d 405, 405-406 [2006], *lv denied* 7 NY3d 794 [2006]; *People v Kelly*, 309 AD2d 1149, 1150 [2003], *lv denied* 1 NY3d 575 [2003]). Indeed, there is no indication in the record that the People failed to notify defendant of his right to testify or that he notified the People that he wished to testify but was not afforded the opportunity to do so. Finally, we reject the contentions of defendant that County Court erred in denying his pro se oral motions at sentencing to withdraw his plea and for new counsel inasmuch as defendant failed to set forth any grounds for that relief. Present—Martoche, J.P., Smith, Centra, Lunn and Fahey, JJ.