■ The People of the State of New York, Respondent, v Thomas Perez, Appellant. New York State Police, Respondent. (Appeal No. 1.) [859 NYS2d 549]—Appeal from a judgment of the Monroe County Court (Stephen R. Sirkin, J.), rendered August 24, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the first degree.

It is hereby ordered that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed (*see People v Haywood*, 203 AD2d 966 [1994], *lv denied* 83 NY2d 967 [1994]) and the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [former (1)]), defendant contends that County Court erred in refusing to suppress the drugs seized from his vehicle because he was illegally detained longer than was necessary for a traffic stop (*see generally People v Banks*, 85 NY2d 558, 562 [1995], *cert denied* 516 US 868 [1995]). Although defendant initially raised that contention prior to the suppression hearing, the court limited the sup-

pression hearing solely to the issue of the legality of the stop of defendant's vehicle, and addressed only that issue in its suppression ruling. Defendant did not again raise his contention concerning the length of the detainment and thus is deemed to have abandoned that contention (*see generally People v Graves*, 85 NY2d 1024, 1027 [1995]; *People v Rodriguez*, 47 AD3d 406, 407 [2008], *lv denied* 10 NY3d 770 [2008]). We note in addition that, because defendant abandoned that contention, he forfeited it by pleading guilty. It is well settled that a guilty plea will "effect a forfeiture of the right to revive certain claims made prior to the plea" (*People v Hansen*, 95 NY2d 227, 230 [2000]), and the exception pursuant to CPL 710.70 (2) concerning orders denying motions to suppress evidence is not applicable here because the court never addressed the contention now raised on appeal.

Defendant failed to preserve for our review his further contention that the court failed to comply with the procedure set forth in *People v Castillo* (80 NY2d 578, 586 [1992], *cert denied* 507 US 1033 [1993]) in determining that part of his omnibus motion seeking disclosure of the search warrant application, which included the identity of the confidential informant (*see* CPL 470.05 [2]). In any event, "defendant did not provide a factual record sufficient to enable us to review his contention" (*People v Dixon*, 37 AD3d 1124, 1124 [2007], *lv denied* 10 NY3d 764 [2008]; *see generally People v Kinchen*, 60 NY2d 772, 773-774 [1983]). Finally, the contention of defendant that the court erred in granting the motion of the New York State Police to quash the judicial subpoena requesting the records concerning the K-9 unit that searched the exterior of defendant's vehicle does not survive his plea of guilty (*see generally People v Sampson*, 134 AD2d 706 [1987], *affd* 73 NY2d 908 [1989]; *People v Hall*, 291 AD2d 143, 146 [2002], *lv denied* 98 NY2d 651 [2002]). Present—Scudder, P.J., Lunn, Fahey, Pine and Gorski, JJ.