# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**767**

**KA 11-02498**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

WALTER LEWIS, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered November 30, 2011. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree, assault in the second degree, criminal possession of a weapon in the third degree, unlawful imprisonment in the second degree, and assault in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, assault in the second degree (Penal Law § 120.05 [2]) and two counts of assault in the third degree (§ 120.00 [1]). During the trial, County Court admitted in evidence certain portions of the victim's recorded 911 call pursuant to the excited utterance and prompt outcry exceptions to the hearsay rule. Defendant's contention that the court erred in admitting this recording and that he was thereby deprived of a fair trial is not preserved for our review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant further contends that the court erred in permitting the physician who examined the victim to testify that the victim reported being hit by defendant. Defendant failed to preserve that contention for our review inasmuch as defense counsel made only an "unspecified objection to the disputed testimony followed by an off-the-record side-bar" (*People v Nurse*, 176 AD2d 197, 198, *lv denied* 79 NY2d 830). In any event, we conclude that any error in the admission of the testimony was harmless because the evidence of defendant's guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant if the testimony had been excluded (*see*

*generally People v Crimmins*, 36 NY2d 230, 241-242; *People v Thomas*, 282 AD2d 827, 828-829, *lv denied* 96 NY2d 925).

The general motion made by defendant for a trial order of dismissal did not preserve for our review his contention with respect to counts one and two of the indictment that the evidence is insufficient to show that the victim sustained a physical injury (*see* Penal Law §§ 10.00 [9]; 120.05 [2]; 120.00 [1]; *People v Chiddick*, 8 NY3d 445, 447-448; *Gray*, 86 NY2d at 19).  In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a valid line of reasoning and permissible inferences to support the jury's finding that the victim sustained a physical injury (*see* § 10.00 [9]; *Chiddick*, 8 NY3d at 447-448; *see generally People v Bleakley*, 69 NY2d 490, 495).

Finally, we reject defendant's contention that the verdict is against the weight of the evidence because of inconsistencies in the victim's testimony.  The victim's testimony was not "so inconsistent or unbelievable as to render it incredible as a matter of law" (*People v Black*, 38 AD3d 1283, 1285, *lv denied* 8 NY3d 982).  Any inconsistencies in the victim's testimony presented issues of credibility for determination by the jury (*see People v Scheidelman*, 125 AD3d 1426, 1426-1427), and we see no basis for disturbing the jury's credibility determinations in this case.  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see generally People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

Entered:  June 12, 2015                          Frances E. Cafarell
                                                  Clerk of the Court