# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**758**

**KA 13-01913**

PRESENT: WHALEN, P.J., SMITH, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RICARDO CARRASQUILLO, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ROMANA A. LAVALAS OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered July 22, 2013.  The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him, upon a jury verdict, of criminal possession of weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in refusing to give a missing witness charge.  We reject that contention inasmuch as defendant did not establish that the uncalled witness was "knowledgeable about a material issue pending in the case" (*People v Gonzalez*, 68 NY2d 424, 427; *see generally People v Keen*, 94 NY2d 533, 539).

Defendant's contention that he was denied a fair trial by prosecutorial misconduct upon summation is unpreserved for our review inasmuch as defendant did not object to any of the alleged instances of misconduct (*see People v Paul*, 78 AD3d 1684, 1684-1685, *lv denied* 16 NY3d 834; *People v Smith*, 32 AD3d 1291, 1292, *lv denied* 8 NY3d 849), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Smith*, 129 AD3d 1549, 1549-1550, *lv denied* 26 NY3d 971).  Contrary to defendant's contention, he was not denied effective assistance of counsel.  The record as a whole establishes that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Contrary to defendant's further contention, the conviction is supported by legally sufficient evidence, including with respect to

the element of defendant's constructive possession of the gun (*see People v Farmer*, 136 AD3d 1410, 1411-1412; *see generally People v Bleakley*, 69 NY2d 490, 495).  Moreover, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence, specifically with respect to whether defendant had dominion and control over the gun or the area in which the gun was found sufficient to give him the ability to use or dispose of the gun (*see Farmer*, 136 AD3d at 1411-1412; *see also Bleakley*, 69 NY2d at 495; *see generally People v Mattison*, 41 AD3d 1224, 1225, *lv denied* 9 NY3d 924).

Defendant contends on appeal that the court erred in refusing to suppress the physical evidence on the ground that the officers who searched the house did not have a copy of the warrant with them and failed to show defendant a copy at his request (*see generally People v Ellison*, 46 AD3d 1341, 1343, *lv denied* 10 NY3d 862).  Although defendant initially raised that ground in support of his suppression motion, he failed to address it at the suppression hearing or in his posthearing submission to the court, and the court thus did not address it in its written decision denying the suppression motion.  We thus conclude that defendant abandoned that ground (*see People v Graves*, 85 NY2d 1024, 1027; *People v Perez*, 52 AD3d 1244, 1244-1245, *lv denied* 11 NY3d 928).  Furthermore, in failing to address that ground at the suppression hearing, defendant failed to present us with a record adequate to enable us to review the contention (*see People v Kinchen*, 60 NY2d 772, 773-774; *People v Dixon*, 37 AD3d 1124, 1124, *lv denied* 10 NY3d 764; *People v Woods*, 303 AD2d 1031, 1032).

We have considered defendant's challenge to his sentence and conclude that it is not unduly harsh or severe.

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court