# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**115**
**KA 14-01373**
PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ANGEL HILL, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (NICHOLAS TEXIDO OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered May 12, 2014. The judgment convicted defendant, upon a nonjury verdict, of assault in the third degree and harassment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her following a nonjury trial of, inter alia, assault in the third degree (Penal Law § 120.00 [1]). Defendant's general motion for a trial order of dismissal did not preserve for our review her contentions that the evidence is legally insufficient to establish that the victim sustained a physical injury (*see People v Lewis*, 129 AD3d 1546, 1547, *lv denied* 26 NY3d 969), and that she is liable for the conduct of friends and family members based upon a theory of accessorial liability (*see People v Crawford*, 199 AD2d 406, 406). In any event, the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish that the victim sustained a physical injury within the meaning of Penal Law § 10.00 (9) (*see People v Smith*, 45 AD3d 1483, 1483, *lv denied* 10 NY3d 771), and that defendant is liable for the assaultive conduct of others under Penal Law § 20.00 (*see People v Torres*, 108 AD3d 474, 475, *lv denied* 22 NY3d 998).

Inasmuch as the conviction is supported by legally sufficient evidence, defense counsel was not ineffective in failing to preserve defendant's legal sufficiency challenge for our review (*see People v Brown*, 96 AD3d 1561, 1562, *lv denied* 19 NY3d 1024). With respect to the further alleged instances of ineffectiveness, we conclude that the record as a whole establishes that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147; *People*

*v Carrasquillo*, 142 AD3d 1359, 1359).

Finally, the sentence is not unduly harsh or severe.

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court