People v Jackson (2019 NY Slip Op 09206)





People v Jackson


2019 NY Slip Op 09206


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND BANNISTER, JJ.


1244 KA 17-02058

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LATIEF JACKSON, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
LATIEF JACKSON, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered September 8, 2017. The judgment convicted defendant after a nonjury trial of predatory sexual assault against a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of predatory sexual assault against a child (Penal Law § 130.96). We affirm.
We conclude that, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In the absence of any physical evidence of the crime, the case turned primarily on the credibility of the victim, and despite minor inconsistencies in her testimony, it was not "so inconsistent or unbelievable as to render it incredible as a matter of law" (People v Lewis, 129 AD3d 1546, 1548 [4th Dept 2015], lv denied 26 NY3d 969 [2015] [internal quotation marks omitted]). We afford great deference to County Court, which, as factfinder, had the "opportunity to view the witnesses, hear the testimony, and observe demeanor" (Bleakley, 69 NY2d at 495).
Defendant failed to preserve for our review his contention that he was deprived of due process and a fair trial as a result of being handcuffed during a large portion of the trial (see People v German, 145 AD3d 1550, 1551 [4th Dept 2016], lv denied 28 NY3d 1184 [2017]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We also conclude that the sentence is not unduly harsh or severe.
Finally, we have reviewed the contention in defendant's pro se supplemental brief and conclude that it does not warrant reversal or modification of the judgment.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court