People v Brady (2021 NY Slip Op 01647)





People v Brady


2021 NY Slip Op 01647


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


952 KA 17-00193

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BASHAN H. BRADY, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BASHAN H. BRADY, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered December 8, 2016. The judgment convicted defendant upon a jury verdict of robbery in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of two counts of robbery in the second degree (Penal Law
§ 160.10 [1], [2] [a]), defendant contends in his main brief that the conviction is not supported by legally sufficient evidence that he was present at and involved in the robbery and that the victim sustained a physical injury. We reject that contention. The People presented evidence that the victim knew defendant from previous interactions with him and that, while the victim was seated in his car, he was approached by defendant and another individual, who began punching the victim from either side of the driver's seat and then took his property (see generally People v Ettleman, 109 AD3d 1126, 1127-1128 [4th Dept 2013], lv denied 22 NY3d 1198 [2014]). Further, the victim's testimony that he suffered injuries to his finger, requiring 8 to 10 stitches, as well as injuries to his head and neck, which he testified were "quite painful," is legally sufficient to establish that his pain was substantial, i.e., "more than slight or trivial," and thus that he sustained a physical injury at the hand of defendant (People v Kraatz, 147 AD3d 1556, 1557 [4th Dept 2017] [internal quotation marks omitted]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention, raised in his main brief, that County Court erred in refusing to substitute counsel in place of his assigned attorney. A court's duty to consider a motion to substitute counsel is invoked only when a defendant makes a "seemingly serious request[]" for new counsel (People v Porto, 16 NY3d 93, 100 [2010] [internal quotation marks omitted]; see People v Sides, 75 NY2d 822, 825 [1990]). When a defendant makes "specific factual allegations of serious complaints about counsel," the court must make at least a "minimal inquiry" into "the nature of the disagreement or its potential for resolution" (Porto, 16 NY3d at 100 [internal quotation marks omitted]; see People v Gibson, 126 AD3d 1300, 1301-1302 [4th Dept 2015]). Upon conducting that inquiry, the court may substitute counsel only where good cause is shown (see Porto, 16 NY3d at 100; Sides, 75 NY2d at 825; Gibson, 126 AD3d at 1302). Here, defendant's request for substitution was based on conclusory assertions that he and defense counsel disagreed about trial strategy and that defense counsel had not spoken to him often enough about the case. Those assertions were insufficient to require an inquiry by the court (see People v Barnes, 156 AD3d 1417, 1418 [4th Dept 2017], lv denied 31 NY3d 1078 [2018]; [*2]People v Lewicki, 118 AD3d 1328, 1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]; People v Benson, 265 AD2d 814, 814-815 [4th Dept 1999], lv denied 94 NY2d 860 [1999], cert denied 529 US 1076 [2000]). Nevertheless, the court conducted an inquiry in which it permitted defendant to "articulate his complaints about defense counsel" (People v Jones, 173 AD3d 1628, 1630 [4th Dept 2019]), following which the court properly denied defendant's request inasmuch as good cause does not exist where, as here, "on the eve of trial, disagreements over trial strategy generate discord" (People v Linares, 2 NY3d 507, 511 [2004]; see Porto, 16 NY3d at 101-102; People v Medina, 44 NY2d 199, 208 [1978]) or where defendant makes only generic complaints concerning a lack of communication with defense counsel (see People v Larkins, 128 AD3d 1436, 1441 [4th Dept 2015], lv denied 27 NY3d 1001 [2016]).
Contrary to defendant's contention in his main brief, the sentence is not unduly harsh or severe (see People v Bonner, 79 AD3d 1790, 1791 [4th Dept 2010], lv denied 17 NY3d 792 [2011]).
Defendant contends in his pro se supplemental brief that he was deprived of his right to testify before the grand jury because he was assigned an attorney after he was indicted. Defendant did not provide a factual record sufficient to enable us to review his contention (see People v Kinchen, 60 NY2d 772, 773-774 [1983]; People v Dixon, 37 AD3d 1124, 1124 [4th Dept 2007], lv denied 10 NY3d 764 [2008]; People v Harden, 6 AD3d 181, 182 [1st Dept 2004], lv denied 3 NY3d 641 [2004]). Even assuming, arguendo, that defendant was without counsel when the matter was presented to the grand jury, we would nevertheless conclude that reversal is not required inasmuch as defendant did not seek dismissal of the indictment on the ground that he was deprived of his statutory right to testify before the grand jury (see Dixon, 37 AD3d at 1124; cf. People v Backman, 274 AD2d 432, 433 [2d Dept 2000]; see generally People v Johnston, 178 AD2d 550, 550-551 [2d Dept 1991]).
We have considered defendant's remaining contention in his pro se supplemental brief and conclude that it does not warrant modification or reversal of the judgment.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court