People v Emmons (2021 NY Slip Op 01896)





People v Emmons


2021 NY Slip Op 01896


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


166 KA 18-01783

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY EMMONS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered January 8, 2018. The judgment convicted defendant upon a jury verdict of criminal mischief in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal mischief in the third degree (Penal Law § 145.05 [2]). We affirm.
Defendant's contention that Supreme Court violated his constitutional right to present a defense when it struck part of his trial testimony is unpreserved for our review (see People v Lane, 7 NY3d 888, 889-890 [2006]; see generally People v Flores, 83 AD3d 1460, 1460 [4th Dept 2011], affd 19 NY3d 881 [2012]). In any event, we conclude that the court neither abused its discretion in striking defendant's testimony, nor deprived defendant of his right to present a defense in doing so (see People v Morgan, 148 AD3d 1590, 1591 [4th Dept 2017], lv denied 29 NY3d 1083 [2017]; see generally People v John, 288 AD2d 848, 849 [4th Dept 2001], lv denied 97 NY2d 705 [2002]; People v Sirmons, 242 AD2d 883, 884-885 [4th Dept 1997], lv denied 92 NY2d 1038 [1998]).
We further reject defendant's contention that the court abused its discretion in its Molineux ruling. It is well established that "[e]vidence of a defendant's prior bad acts may be admissible when it is relevant to a material issue in the case other than defendant's criminal propensity" (People v Dorm, 12 NY3d 16, 19 [2009]). Here, a police officer's testimony about defendant's prior criminal mischief conviction was properly admitted for the purposes of establishing defendant's intent and absence of mistake. Specifically, the challenged testimony was relevant for those purposes because it established that defendant was aware that he could be charged with a criminal offense for damaging police property, i.e., that did not have "any reasonable ground to believe that he . . . ha[d] [the] right to" damage property belonging to the police (Penal Law § 145.05). Contrary to defendant's contention, the probative value of that evidence was not outweighed by its potential for prejudice (see generally People v Alvino, 71 NY2d 233, 242 [1987]) and, moreover, the court's prompt limiting instruction ameliorated any prejudice (see People v Elmore, 175 AD3d 1003, 1004 [4th Dept 2019], lv denied 34 NY3d 1158 [2020]; People v Larkins, 153 AD3d 1584, 1587 [4th Dept 2017], lv denied 30 NY3d 1061 [2017]).
Defendant also contends that the court erred in failing to instruct the jury on a justification defense under Penal Law § 35.05 (2). Defendant, however, failed to request such an instruction or object to the instruction as given at trial and therefore failed to preserve that contention for our review (see People v Washington, 173 AD3d 1644, 1645 [4th Dept 2019], lv denied 34 NY3d 985 [2019]; People v Daggett, 150 AD3d 1680, 1682 [4th Dept 2017], lv denied [*2]29 NY3d 1125 [2017]; People v Fagan, 24 AD3d 1185, 1187 [4th Dept 2005]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court