People v Powell (2021 NY Slip Op 02944)





People v Powell


2021 NY Slip Op 02944


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


474 KA 17-00132

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY T. POWELL, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Dennis M. Kehoe, A.J.), rendered August 9, 2016. The judgment convicted defendant, after a nonjury trial, of assault in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of two counts of assault in the second degree (Penal Law § 120.05 [3]). Defendant contends that County Court (Kehoe, A.J.) erred in not ordering a competency examination or holding a competency hearing. We reject that contention. An "incapacitated person" is defined in the CPL as a defendant "who as a result of mental disease or defect lacks capacity to understand the proceedings against him [or her] or to assist in his [or her] own defense" (CPL 730.10 [1]). "The key inquiry in determining whether a criminal defendant is fit for trial is 'whether he [or she] has sufficient present ability to consult with his [or her] lawyer with a reasonable degree of rational understanding—and whether he [or she] has a rational as well as factual understanding of the proceedings against him [or her]' " (People v Phillips, 16 NY3d 510, 516 [2011]; see People v Mendez, 1 NY3d 15, 19 [2003]).
A court must issue an order of examination "when it is of the opinion that the defendant may be an incapacitated person" (CPL 730.30 [1]). The determination whether to order a competency examination, either sua sponte or upon defense counsel's request, lies within the sound discretion of the court (see People v Morgan, 87 NY2d 878, 879-880 [1995]). Here, the court (Doyle, J.) ordered a competency examination pursuant to CPL 730.30 (1) and found defendant was not fit to proceed. After approximately a year and upon the determination of the superintendent of the institution where defendant was being held that he was no longer an incapacitated person, defendant was returned to court. At that point, a "court may, upon its own motion, conduct a hearing to determine the issue of capacity, and it must conduct a hearing upon motion therefor by the defendant or by the district attorney" (CPL 730.30 [2]; see CPL 730.60 [2]; People v Tortorici, 92 NY2d 757, 766 [1999], cert denied 528 US 834 [1999]). "If no motion for a hearing is made, the criminal action against the defendant must proceed" (CPL 730.30 [2]).
Upon defendant's return to court, defense counsel requested another CPL 730.30 examination but did not move for a competency hearing (see People v Lendof-Gonzalez, 170 AD3d 1508, 1511 [4th Dept 2019], affd 36 NY3d 87 [2020]), and thus a hearing was not required but rather was a matter of discretion for the court (see CPL 730.30 [2]; Tortorici, 92 NY2d at 766). We conclude that the court (Kehoe, A.J.) did not abuse its discretion in not holding a competency hearing (see Tortorici, 92 NY2d at 766; People v Ubbink, 100 AD3d 1528, 1529 [4th Dept 2012], lv denied 20 NY3d 1066 [2013]; People v Rios, 26 AD3d 521, 521 [2d Dept 2006], lv denied 6 NY3d 852 [2006]; see also People v Sulaiman, 134 AD3d 860, 860 [*2][2d Dept 2015], lv denied 26 NY3d 1150 [2016]). We further conclude that the court did not abuse its discretion in declining to order another CPL 730.30 examination upon defense counsel's request (see Morgan, 87 NY2d at 879-880; see also People v Russell, 74 NY2d 901, 902 [1989]; Rios, 26 AD3d at 521). In not holding a hearing and in declining defendant's request for an updated CPL 730.30 examination, the court properly considered its own observations of and interactions with defendant prior to and during the trial (see Phillips, 16 NY3d at 517; Tortorici, 92 NY2d at 766-767; Morgan, 87 NY2d at 880-881).
While the court acknowledged that defendant had mental health problems, "a defendant's history of psychiatric illness does not in itself call into question defendant's competence to stand trial" (Tortorici, 92 NY2d at 765; see Morgan, 87 NY2d at 881). Nor does defendant's insistence on a trial in the face of overwhelming evidence of his guilt and a favorable plea bargain mean that he was unfit to proceed (see People v Musaid, 168 AD3d 526, 527 [1st Dept 2019], lv denied 33 NY3d 979 [2019]). Here, despite his mental illness, defendant showed his understanding of the proceedings against him and was able to assist in his own defense (see CPL 730.10 [1]; see generally Phillips, 16 NY3d at 516).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court