People v Nieves-Cruz (2021 NY Slip Op 07357)





People v Nieves-cruz


2021 NY Slip Op 07357


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


748 KA 17-01356

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAFAEL NIEVES-CRUZ, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered June 7, 2017. The judgment convicted defendant upon a jury verdict of criminal mischief in the third degree and obstructing governmental administration in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal mischief in the third degree (Penal Law § 145.05 [2]) and obstructing governmental administration in the second degree (§ 195.05). We affirm.
We reject defendant's contention that County Court erred in refusing to substitute counsel in place of his assigned attorney. Where a defendant makes a seemingly serious request for new counsel, the court must make some minimal inquiry to determine whether the claim is meritorious (see People v Sides, 75 NY2d 822, 825 [1990]; People v Coffie, 192 AD3d 1641, 1642 [4th Dept 2021], lv denied 37 NY3d 963 [2021]). Where, however, a defendant states only conclusory allegations bereft of factual details, he or she fails to make a seemingly serious request and further inquiry is not required (see People v Porto, 16 NY3d 93, 100-101 [2010]; People v Brady, 192 AD3d 1557, 1558 [4th Dept 2021], lv denied 37 NY3d 954 [2021]; People v Barnes, 156 AD3d 1417, 1418 [4th Dept 2017], lv denied 31 NY3d 1078 [2018]). Here, on the day jury selection was to commence, defendant made only generalized and conclusory expressions of dissatisfaction with defense counsel's representation—i.e., defense counsel was not "representing [his] best interests" or representing him in "the right way." We conclude that no further inquiry by the court was required because defendant's belated complaint was not a " 'serious complaint[] about counsel' " (Porto, 16 NY3d at 100; see Coffie, 192 AD3d at 1642-1643; Barnes, 156 AD3d at 1418).
Defendant also contends that the court erred in proceeding to trial because he was incapacitated pursuant to CPL article 730. An " '[i]ncapacitated person' " is "a defendant who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense" (CPL 730.10 [1]). "The key inquiry in determining whether a criminal defendant is fit for trial is 'whether he [or she] has sufficient present ability to consult with his [or her] lawyer with a reasonable degree of rational understanding—and whether he [or she] has a rational as well as factual understanding of the proceedings against him [or her]' " (People v Phillips, 16 NY3d 510, 516 [2011]; see People v Powell, 194 AD3d 1423, 1424 [4th Dept 2021], lv denied 37 NY3d 967 [2021]). "A court must issue an order of examination 'when it is of the opinion that the defendant may be an incapacitated person' " (Powell, 194 AD3d at 1424, quoting CPL 730.30 [1]).
Here, in February 2017, the court sua sponte, and over defense counsel's objection, ordered a competency examination pursuant to CPL 730.30 (1) because it thought defendant may [*2]be incapacitated. In March 2018, two certified psychologists submitted reports following a clinical examination of defendant, concluding that he was fit to proceed. When each psychiatric examiner submits a report concluding that the defendant is not an incapacitated person, a "court may, on its own motion, conduct a hearing to determine the issue of capacity, and it must conduct a hearing upon motion therefor by the defendant or by the district attorney" (CPL 730.30 [2] [emphasis added]; see generally CPL 730.60 [2]; People v Tortorici, 92 NY2d 757, 766 [1999], cert denied 528 US 834 [1999]). Where "no motion for a hearing is made, the criminal action against the defendant must proceed" (CPL 730.30 [2] [emphasis added]). After the certified psychologists returned their reports, neither defendant nor the People made any motion for a competency hearing (see Powell, 194 AD3d at 1424) and, accordingly, a hearing was not mandated, but rather was a matter entrusted to the court's discretion (see CPL 730.30 [2]; Tortorici, 92 NY2d at 766). We conclude, based on our review of the record, that the court did not abuse its discretion by failing to hold a competency hearing and permitting defendant to proceed to trial (see People v Lendof-Gonzalez, 170 AD3d 1508, 1511 [4th Dept 2019], affd 36 NY3d 87 [2020]; Powell, 194 AD3d at 1424; People v Ubbink, 100 AD3d 1528, 1529 [4th Dept 2012], lv denied 20 NY3d 1066 [2013]).
We reject defendant's contention that the evidence is legally insufficient to support his conviction of criminal mischief in the third degree. Viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), the testimony of the jail officials establishes that defendant intended to damage property belonging to the Ontario County Jail in excess of $250, i.e., the glass window of his detention cell (see Penal Law § 145.05 [2]). There was ample circumstantial evidence establishing that defendant damaged the window of his cell, such as the undisputed fact that defendant was the only person in the cell at the time the window was damaged, testimony that defendant was making noise in the cell shortly before the damage was discovered, and testimony that an easily loosened shower head located in the cell perfectly fit into the indentation of the window. Thus, contrary to defendant's contention, the lack of eyewitness testimony establishing that defendant damaged the window does not render the evidence legally insufficient (see People v Suarez, 175 AD3d 1036, 1037 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]).
We also reject the contention that the evidence is legally insufficient to support defendant's conviction of obstructing governmental administration in the second degree. Viewed in the light most favorable to the People (see Contes, 60 NY2d at 621), the trial testimony of the jail officials, coupled with the video recording of the incident, establishes that defendant intentionally obstructed or impaired jail officials' performance of an official function by means of physical force or interference (see Penal Law § 195.05). Specifically, the evidence establishes that defendant physically resisted the jail officials who were attempting to transfer him to the jail's medical unit by biting, kicking and spitting at the officials, which ultimately required that they restrain him to complete the transfer.
Further, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude the jury did not fail to give the evidence the weight it should be accorded (see id.).
Defendant contends that the court abused its discretion in permitting jail officials to testify about several prior incidents of bad behavior that occurred while defendant was being detained (see generally People v Molineux, 168 NY 264, 293-294 [1901]). The court properly admitted testimony about several instances of defendant's uncharged bad acts while being detained "to complete the narrative of the events charged in the indictment . . . , and [to] provide[] necessary background information" to explain, inter alia, why defendant required additional securing while being transferred from one detention cell to another (People v Feliciano, 196 AD3d 1030, 1031 [4th Dept 2021], lv denied 37 NY3d 1059 [2021] [internal quotation marks omitted]; see People v Butler, 192 AD3d 1701, 1702 [4th Dept 2021], amended on rearg 196 AD3d 1093 [4th Dept 2021], lv denied 37 NY3d 963 [2021]). It also properly admitted that testimony to establish that defendant intended to cause damage to the window in his jail cell (see generally People v Whitfield, 115 AD3d 1181, 1182 [4th Dept 2014], lv denied 23 NY3d 1044 [2014]). Further, in admitting the Molineux testimony, the court did not abuse its discretion in determining that the probative value of that evidence outweighed its potential for [*3]prejudice (see generally People v Cass, 18 NY3d 553, 560 [2012]) and, moreover, "the court's prompt limiting instruction ameliorated any prejudice" (People v Emmons, 192 AD3d 1658, 1659 [4th Dept 2021], lv denied 37 NY3d 992 [2021]; see People v Holmes, 104 AD3d 1288, 1289 [4th Dept 2013], lv denied 22 NY3d 1041 [2013]).
Finally, the sentence is not unduly harsh or severe.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court