People v Ponzo (2022 NY Slip Op 05417)

People v Ponzo

2022 NY Slip Op 05417

Decided on September 30, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.

623 KA 20-00957

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PATRICK PONZO, DEFENDANT-APPELLANT. 

THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Jefferson County Court (David A. Renzi, J.), rendered July 13, 2020. The judgment convicted defendant upon a jury verdict of burglary in the first degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, conspiracy in the fourth degree, menacing in the second degree, and harassment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, burglary in the first degree (Penal Law
§ 140.30 [4]) and attempted robbery in the first degree (§§ 110.00, 160.15 [4]), defendant contends that County Court erred in refusing to suppress certain statements that he made to a State Trooper, on the ground that he was in custody at the time and had not received Miranda warnings. Contrary to defendant's contention, the record of the suppression hearing establishes that defendant was not in custody at the time he made the relevant statements (see People v Lewis, 39 AD3d 1279, 1279 [4th Dept 2007], lv denied 9 NY3d 866 [2007]) and therefore Miranda warnings were not required (see People v Paulman, 5 NY3d 122, 129 [2005]; People v Hughes, 199 AD3d 1332, 1334 [4th Dept 2021]).
We reject defendant's further contention that the court abused its discretion in failing to conduct a minimal inquiry into defendant's request for assignment of substitute counsel (see generally People v Porto, 16 NY3d 93, 99 [2010]). "[W]here a defendant makes a seemingly serious request for new counsel, the court must make some minimal inquiry to determine whether the claim is meritorious" (People v Robinson, 195 AD3d 1527, 1528 [4th Dept 2021]; see People v Sides, 75 NY2d 822, 824-825 [1990]). Here, defendant's motion seeking the assignment of new counsel contained "conclusory assertions that he and defense counsel disagreed about trial strategy" (People v Brady, 192 AD3d 1557, 1558 [4th Dept 2021], lv denied 37 NY3d 954 [2021]) and that defense counsel was ineffective (see People v Barnes, 156 AD3d 1417, 1418 [4th Dept 2017], lv denied 31 NY3d 1078 [2018]), as well as "general assertions of dissatisfaction with defense counsel's representation" (People v Lewicki, 118 AD3d 1328, 1329 [4th Dept 2014], lv denied 23 NY3d 1064 [2014]). Therefore, defendant did not make the requisite "seemingly serious request" to warrant an inquiry as to whether he was entitled to assignment of substitute counsel (Robinson, 195 AD3d at 1528; see Brady, 192 AD3d at 1558; Lewicki, 118 AD3d at 1329).
Furthermore, we conclude that, "[b]y making only a general motion to dismiss the charges . . . after the People rested their case
. . . , and by failing to renew . . . the motion at the close of his case . . . , defendant failed to preserve his contention that his conviction . . . is not supported by legally sufficient evidence" (People v Morris, 126 AD3d 1370, 1371 [4th Dept 2015], lv denied 26 NY3d 932 [2015]). In [*2]any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: September 30, 2022
Ann Dillon Flynn
Clerk of the Court