People v Clinkscales (2022 NY Slip Op 06375)

People v Clinkscales

2022 NY Slip Op 06375

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

798 KA 16-02334

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JULIAN CLINKSCALES, DEFENDANT-APPELLANT. 

JEFFREY WICKS, PLLC, ROCHESTER (JEFFREY WICKS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered December 6, 2016. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree and assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the first degree (§ 120.10 [1]) in connection with an incident during which defendant hit the victim—his mother—in the head with a hammer. We affirm.
Defendant contends that Supreme Court erred in permitting the victim to testify about certain prior bad acts by defendant (see generally People v Molineux, 168 NY 264, 293-294 [1901]). Specifically, he contends that the court erred in admitting testimony about a prior incident where he had engaged in domestic violence against the victim, and testimony that, in the month before the attack, he frequently argued with the victim about how she had sent him to a juvenile detention facility following the prior incident of domestic violence. We reject that contention. The court properly admitted the testimony in question "to complete the narrative of the events charged in the indictment . . . , and [to] provide[] necessary background information" (People v Feliciano, 196 AD3d 1030, 1031 [4th Dept 2021], lv denied 37 NY3d 1059 [2021] [internal quotation marks omitted]; see People v Nieves-Cruz, 200 AD3d 1588, 1590-1591 [4th Dept 2021], lv denied — NY3d — [2022]). The court also properly admitted that testimony to establish defendant's motive to attack the victim (People v Resto, 147 AD3d 1331, 1332-1333 [4th Dept 2017], lv denied 29 NY3d 1000 [2017], reconsideration denied 29 NY3d 1094 [2017]). Contrary to defendant's contention, the court did not abuse its discretion in determining that the probative value of the challenged Molineux testimony outweighed its potential for prejudice (see generally People v Cass, 18 NY3d 553, 560 [2012]) and, moreover, "the court's prompt limiting instruction[s] ameliorated any prejudice" (People v Emmons, 192 AD3d 1658, 1659 [4th Dept 2021], lv denied 37 NY3d 992 [2021]; see People v Holmes, 104 AD3d 1288, 1289 [4th Dept 2013], lv denied 22 NY3d 1041 [2013]).
Finally, the sentence is not unduly harsh or severe.
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court