People v Krull (2023 NY Slip Op 05233)

People v Krull

2023 NY Slip Op 05233

Decided on October 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2023

Before: Webber, J.P., Oing, Gesmer, Rodriguez, Rosado, JJ. 

Ind. No. 831/15 Appeal No. 802 Case No. 2018-1350 

[*1]The People of the State of New York, Respondent,
v
Vladimir Krull, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Elliott R. Hamilton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Lester B. Adler, J.), rendered March 13, 2017, convicting defendant, after a jury trial, of two counts of rape in the second degree, two counts of criminal sexual act in the second degree, three counts of sexual abuse in the second degree, and one count of endangering the welfare of a child, and sentencing him to an aggregate term of three years followed by five years of post release supervision, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). We find no basis to disturb the jury's credibility determinations. Contrary to defendant's assertion, the jury's mixed verdict here does not provide a basis to find the complainant incredible (see People v Rayam, 94 NY2d 557, 563 [2000]).
Defendant's challenge to the People's cross-examination of him is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the contested portion of the cross-examination was permissible to refute defendant's testimony and counter his defense that the complainant and her mother had motives to lie (see People v Nurse, 176 AD2d 197, 198 [1st Dept 1991], lv denied 79 NY2d 830 [1991]). Moreover, the text messages the prosecutor confronted defendant with had been admitted into evidence without objection by defendant and, therefore, were already before the jury.
Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that the challenged remarks generally constituted fair comment on the evidence and appropriate responses to defense arguments, and that the summation did not deprive defendant of a fair trial (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2023