People v Houle (2025 NY Slip Op 01437)

People v Houle

2025 NY Slip Op 01437

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

4 KA 23-01092

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM L. HOULE, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KELLY CHRISTINE WOLFORD OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered February 23, 2023. The judgment convicted defendant, upon a jury verdict, of assault in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Ontario County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment which convicted him, upon a jury verdict, of assault in the second degree (Penal Law § 120.05 [2]), following an incident where defendant physically assaulted his daughter's boyfriend with a brick and baseball bat.
Contrary to defendant's contentions, County Court did not err in failing to sua sponte order a CPL 730.30 examination. "[A] defendant in a criminal proceeding 'is presumed to be competent' " (People v Robinson, 225 AD3d 1266, 1267 [4th Dept 2024], lv denied 42 NY3d 1021 [2024]), and "[t]he determination whether to order a competency examination, either sua sponte or upon defense counsel's request, lies within the sound discretion of the court" (People v Powell, 194 AD3d 1423, 1424 [4th Dept 2021], lv denied 37 NY3d 967 [2021]). In reviewing a court's determination for an abuse of discretion, "[t]he test to be applied has been formulated as follows: Did the . . . judge receive information which, objectively considered, should reasonably have raised a doubt about [the] defendant's competency and alerted [the judge] to the possibility that the defendant could neither understand the proceedings or appreciate their significance, nor rationally aid [the defendant's] attorney in [the] defense" (People v Winebrenner, 96 AD3d 1615, 1616 [4th Dept 2012], lv denied 19 NY3d 1029 [2012] [internal quotation marks omitted]). Here, there is no indication in the record that defendant "was unable to understand the proceedings or that he was mentally incompetent" (People v Williams, 35 AD3d 1273, 1275 [4th Dept 2006], lv denied 8 NY3d 928 [2007]). Defendant's statement that he "ended up in the hospital the other day because [he was] so overwhelmed" did not call into question defendant's competence to proceed, particularly where, as here, defendant's other statements demonstrated a clear understanding of the proceedings and where the court previously questioned defendant regarding his mental ability and was thereafter satisfied that defendant had the mental ability to proceed.
Defendant's contention regarding the legal sufficiency of the evidence is unpreserved for our review because defendant made only a general motion for a trial order of dismissal (see People v Ortiz, 89 AD3d 1482, 1483 [4th Dept 2011], lv denied 18 NY3d 885 [2012]). Although defendant failed to preserve that contention for our review, we "necessarily review the evidence adduced as to each of the elements of the crime[ ] in the context of our review of defendant's challenge regarding the weight of the evidence" (People v Stephenson, 104 AD3d 1277, 1278 [4th Dept 2013], lv denied 21 NY3d 1020 [2013], reconsideration denied 23 NY3d 1025 [2014] [internal quotation marks omitted]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the [*2]verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Arnold, 107 AD3d 1526, 1528 [4th Dept 2013], lv denied 22 NY3d 953 [2013]).
We reject defendant's contention that he received ineffective assistance of counsel. With respect to defendant's contention that defense counsel was ineffective for failing to adduce testimony regarding defendant's medical status and his alleged inability to physically participate in the assault, that contention involves matters outside the record and must be raised by way of a CPL article 440 motion (see People v Defio, 200 AD3d 1672, 1674 [4th Dept 2021], lv denied 38 NY3d 949 [2022]). With respect to defendant's remaining allegations of ineffective assistance of counsel, defendant failed to meet his burden of demonstrating " 'the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (People v Caban, 5 NY3d 143, 152 [2005]).
Contrary to defendant's contention, his sentence is not unduly harsh or severe.
As defendant contends and the People correctly concede, however, the court erred in failing to rule on that part of the omnibus motion seeking inspection of the grand jury minutes and dismissal of the indictment on the ground that the grand jury proceeding was defective (see People v Jones, 103 AD3d 1215, 1217 [4th Dept 2013], lv dismissed 21 NY3d 944 [2013]). The court's failure to issue a ruling on that part of the motion "cannot be deemed a denial thereof" (id.; see generally People v Concepcion, 17 NY3d 192, 197-198 [2011]). We therefore hold the case, reserve decision, and remit the matter to County Court for a ruling on that part of the omnibus motion.
We have reviewed defendant's remaining contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court